IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, </br></br> Plaintiff, </br></br> v. </br></br> THE UNITED STATES, </br></br> Defendant | CIVIL ACTION NO. |

### ORIGINAL COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiff John Doe, by and through undersigned counsel, files this complaint against the defendant the United States Government, alleging as follows:

### JURISDICTION, VENUE AND CONDITIONS PRECEDENT

1. The claims herein are brought against the United States pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(1), for money damages as compensation for personal injuries that were caused by the negligent and wrongful acts and omissions of employees of the United States Government (Department of Veterans Affairs) while acting within the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to Plaintiff in accordance with the laws of the District of Columbia.

2. Venue is proper under 28 U.S.C. § 1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the District of the District of Columbia.

3. Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act by first timely filing an administrative claim with the VA.

4. This suit has been timely filed; the VA denied Plaintiff's claim, following failed negotiations, on February 10, 2021.

## PREFATORY STATEMENT

5. Plaintiff was a patient at the Washington, D.C. Veterans Affairs Medical Centers when in March 2019, Dr. Sreelatha M. Katari and Dr. Joel D. Scholten negligently failed to inform Plaintiff of an abnormal supraenal mass first discovered via MRI on March 1, 2013.

6. Drs. Katari and Scholten also negligently failed to inform Plaintiff's mother, the designated next-of-kin, and an individual with express consent to be actively involved in Plaintiff's medical affairs, of the discovered abnormal mass.

7. Drs. Katari and Scholten additionally negligently failed to ensure that a follow-up CT scan was requested and completed, and negligently failed to follow up with Plaintiff or his mother regarding a CT scan.

8. Drs. Katari and Scholten are employees of the Department of Veterans Affairs, a federal agency, and therefore are "employees of the government" within the meaning of 28 U.S.C. § 2671, and thus, a claim for negligence may be pursued against the United States.

9. Plaintiff would be entitled to pursue these claims under the laws of the District of Columbia, including but not limited to claims in the nature of medical malpractice and negligence.

10. The claims of Plaintiff are based on the acts and events set forth below, all of which actions were taken by medical staff employed by the Department of Veterans Affairs while acting in the scope of their employment.

## FACTUAL BACKGROUNG

11. As a patient with the Washington, D.C. Veterans Affairs Center, Plaintiff was seen and treated for, inter alia, several mental health disorders (Post-Traumatic Stress Disorder and Bi-Polar Disorder) and chronic back pain since his active duty service in the Army. These diagnoses impacted Plaintiff's comprehension and memory, a fact both known to his providers and well documented in his medical records.

12. In August 2013, Plaintiff underwent magnetic resonance imaging (MRI) to help discern the cause of his back pain and other symptoms. The MRI revealed an abnormal structure adjacent to the left kidney measuring approximately 5 x 3 x 10 cm. A contrast enhanced computed tomography (CT) scan was recommended, but never ordered nor completed. According to his records, his then-providers at the VA, Dr. Sreelatha M. Katari and Dr. Joel D. Scholten, were aware of these MRI readings; Dr. Katari allegedly (according to the records) informed Plaintiff, but also never followed back up with Plaintiff regarding the severity of the abnormality of the mass nor the necessity of the follow up mass.

13. Additionally, given Plaintiff's cognitive issues, he had designated his mother as his next-of-kin, and granted her express consent to be actively involved in Plaintiff's medical

affairs. This consent was expressly relayed, both in writing and orally, to Dr. Scholten prior to the MRI being conducted in August 2013.

14. Notwithstanding this concerning reading in August 2013, neither provider continued to follow up with Plaintiff to ensure all other necessary imaging was conducted. It was not until May 2016 that a new provider, Dr. Sharon Drummond, ordered a CT scan upon continued complaints of pain and weight loss. Similar to the results of the MRI in 2013, the results of this CT scan were serious enough that it returned with a diagnosis of "possibly malignant." Dr. Drummond immediately informed Plaintiff *and* his mother that he needed to conduct a follow up CT scan with contrast by the urology department as soon as possible.

15. Plaintiff then encountered issues scheduling the follow up; part of the resistance, as Plaintiff and his mother soon learned from the Chief of Urology, was that it was the VA's position that Plaintiff had known of the mass since 2013 and had not himself completed any follow up until the present time. However, neither Plaintiff nor his mother had been informed, and it was the VA that had failed to provide adequate, necessary, and required follow up care to ensure the issued was attended to. More specifically and concerningly, a majority of the mass was next to, and intertwined with, Plaintiff's spinal cord.

16. The mass was finally excised on July 29, 2016. By the time it was removed, it had grown to approximately 6.8 x 4.9 x 12.0 cm, a substantial amount. Further, given the close proximity to Plaintiff's spinal cord, a portion was unable to be removed.

## CAUSE OF ACTION – NEGLIGENCE

17. Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

18. Defendant had a duty to provide ordinary care, and to exercise the standard and degree of care and skill required of health care providers, consistent with the expertise that the Defendant presented to the community at large.

19. By failing to notify Plaintiff or his mother of the abnormal mass and failing to provide any follow-up care, Defendant breached its duty of care to the Plaintiff.

20. The failure to provide follow-up care is aggravated by the fact that the Defendant was aware that Plaintiff suffered from known mental health illnesses and issues that affect Plaintiff's memory and comprehension. Even if Defendant told Plaintiff in 2013 of the mass (a fact Plaintiff does not concede, and disputes), Defendant had a continuing obligation to follow up with Plaintiff to ensure he received the additional imaging, or, at a minimum, to inform his mother to ensure she knew to follow up.

21. As a direct and proximate result of Defendant's negligence, Plaintiff suffered serious ongoing pain and injuries in and about his body to the point he had to quit his place of employment as he was no longer able to physically appear for work. He was forced to endure pain, suffering and mental anguish; he has suffered a loss of the enjoyment of life, and he has lost wages and will continue to lose wages in the future.

22. The acts and/or omissions set forth above would constitute a claim under the law of the District of Columbia.

23. The Defendant is liable pursuant to 28 U.S.C. § 1346(b)(1).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff is entitled to damages from the United States, and does hereby pray that judgement be entered in his favor and against the United States Government as follows:

1. Medical expenses, lost wages, pain and suffering, future impairment and loss of enjoyment of life; and

2. Costs and attorney's fees incurred in this civil action, together with such further and additional relief at law or in equity that this Court may deem proper.

Dated: August 10, 2021

Respectfully submitted,

/s/ *Eric S. Montalvo*
Eric S. Montalvo, DC Bar 993206
FEDERAL PRACTICE GROUP
1750 K Street N.W., Suite 900
Washington, D.C. 20006
Telephone:   (202)862-4360
Facsimile:    (888)899-6053
emontalvo@fedpractice.com

Attorney for Plaintiff